**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ERNEST J. JACKSON, <br> Plaintiff, <br> v. <br> GEORGE MICHEAL NEILL, et al., <br> Defendants. | Case No. 17-cv-07043-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; GRANTING IN PART AND DENYING PART REQUEST FOR ATTORNEYS' FEES** |

Plaintiff Ernest J. Jackson ("Plaintiff") filed this action against Defendants George Michael Neill ("Neill") and RMR Financial, LLC dba First Capital (collectively "Defendants") on October 20, 2017 in the Superior Court for the County of Santa Clara. *See* Exh. A to Notice of Removal, ECF 1-1 ("Compl."). Plaintiff alleges two state law causes of action against Defendants for negligent misrepresentation and breach of contract in connection with a loan for real property located in Palm Desert, California. *See generally* Compl. Defendants removed the action to federal court on December 11, 2017 based on diversity of citizenship. *See* Notice of Removal, ECF 1. Defendants asserted "[u]pon information and belief" that Plaintiff is a citizen of Massachusetts for purposes of diversity jurisdiction. *Id.* ¶ 4.

Before the Court is Plaintiff's motion to remand the case to Santa Clara Superior Court. *See* ECF 16 ("Mot."). Plaintiff argues that the case was never removable because Defendant Neill is a resident of California, and in any event, there is no diversity jurisdiction because Plaintiff is also a resident of California and thus diversity of citizenship does not exist. *See* 28 U.S.C. § 1332. Plaintiff also moves for an award of attorneys' fees and costs incurred as a result of the removal proceedings in federal court. Defendants agree that remand is appropriate, but argue that the Court should not award any fees. *See* Opp'n, ECF 19.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 5, 2018 at 9:00 A.M. For the reasons that follow, Plaintiff's motion to remand is GRANTED. The motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.

## I. MOTION TO REMAND

Defendants agree that this matter should be remanded in light of Plaintiff's California citizenship because the Court lacks subject matter jurisdiction. *See* Opp'n at 2. The Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. *See* 28 U.S.C. § 1447(c). Accordingly, Plaintiff's motion to remand this action to Santa Clara Superior Court is GRANTED.

## II. REQUEST FOR ATTORNEYS' FEES

### A. Award of Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c)

In addition to moving to remand, Plaintiff requested the Court to award attorneys' fees in the amount of $5,440 for 12.8 hours spent researching and briefing the motion to remand, at a billing rate of $425 per hour. *See generally* Mot.; Declaration of John McDonnell ("McDonnell Decl.") ¶ 9, ECF 18. According to Plaintiff, Defendants had no good faith argument to support removal of this action because Defendant Neill is a citizen of California and removal based on diversity jurisdiction is not permitted if a proper defendant is a citizen of the state where the action is filed. Mot. at 3 (citing 28 U.S.C. § 1441(b)) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Defendants opposed Plaintiff's request for attorneys' fees, arguing that they had an objectively reasonable basis to remove this action at the time of removal. Opp'n at 3. Defendants do not address or acknowledge Plaintiff's argument that, regardless of Plaintiff's citizenship, the notice of removal was defective under § 1441 due to Defendant Neill's California citizenship. In his reply brief and supporting declaration, Plaintiff increased his total requested attorneys' fees amount to $8,202.50 in order to account for an additional 6.5 hours spent preparing the reply

materials. *See* Reply, ECF 21; Supplemental McDonnell Decl. ¶¶ 7-8, ECF 22.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The "award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The standard for awarding fees turns "on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* On the other hand, "when an objectively reasonable basis exists, fees should be denied." *Id.* Courts have determined whether removal was objectively reasonable in part "by looking to the clarity of the law at the time of removal." *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

After reviewing the briefing and relevant authority, the Court agrees with Plaintiff that an award of attorneys' fees under § 1447(c) is justified in these circumstances. Defendants' opposition focuses only on the issue of Plaintiff's citizenship, and completely ignores Plaintiff's argument that the action was never removable pursuant to § 1441(b) because, as alleged in the Notice of Removal itself, Neill was a citizen of California. *See* Notice of Removal ¶ 5. The law is clear that if any Defendant who is properly joined and served is a citizen of California, the case could not be removed. 28 U.S.C. § 1441(b).[1] The Court finds Plaintiff's arguments in support of fees persuasive, and concludes that Defendants lacked an objectively reasonable basis for removal.

Regarding Plaintiff's citizenship, Plaintiff provides evidence that he directly informed Defendants that he was selling his Massachusetts home in order to move his "primary residence" to the Palm Desert, California property that is the subject of this lawsuit. *See* Mot. at 5;

---

[1] The Ninth Circuit has held that this "forum defendant rule" embodied in § 1441(b) is a procedural requirement, and is not jurisdictional. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). Thus, a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c). *Id.* Plaintiff's motion to remand was timely filed within 30 days after the filing of the notice of removal, and thus the Court can properly consider this non-jurisdictional defect in determining whether remand is appropriate. 28 U.S.C. § 1447(c). However, because Defendants do not address the § 1441(b) issue in their opposition, they do not present any arguments regarding how the Court should factor this defect into its determination of whether to award fees.

3

Declaration of Ernest Jackson ("Jackson Decl.") ¶ 4, ECF 17. Information regarding the sale of Plaintiff's Massachusetts home in August 2016 is also readily available in a public records internet search. *Id*. ¶ 6. Yet Defendants took outdated information from the Deed of Trust for the Palm Desert property, dated June 20, 2016, as a basis for their "information and belief" that Plaintiff still resided in his Massachusetts home over a year later at the time the Complaint was filed in October 2017. *See* Opp'n at 2-4. In light of the facts alleged in the Complaint and Plaintiff's representations to Defendants, it was not objectively reasonable for Defendants to conclude that Plaintiff remained a citizen of Massachusetts. Defendants also make much of the fact that "Plaintiff failed to plead his citizenship in the Complaint." *Id*. at 3. However, state court plaintiffs need not allege their citizenship because state courts are courts of unlimited jurisdiction— jurisdiction is conferred over the Plaintiff by the filing of the complaint. Defendants' arguments do not persuade the Court that they ever had an objectively reasonable basis for removal.

For the foregoing reasons, the Court will award reasonable attorneys' fees to Plaintiff under 28 U.S.C. § 1447(c).

### B. Reasonableness of Requested Fees

The Court next determines whether the requested amount of $8,202.50 is a reasonable award. The Court finds that the requested fees are excessive, and will award only $2,550.

In support of his request, Plaintiff submitted two declarations from his counsel, John McDonnell, who incurred fees in relation to the instant motion. *See* McDonnell Decl. ¶¶ 8-9; Supp. McDonnell Decl. ¶¶ 7-8. First, McDonnell declares that his hourly rate is $425. McDonnell Decl. ¶ 9. The Court finds that this hourly rate is reasonable for an attorney with McDonnell's experience. McDonnell states that he spent about two hours reviewing the removal documents and conducting initial research on diversity and removal. *Id*. ¶ 7. The Court determines that one hour is a reasonable time for such activities. McDonnell also estimates an additional 2.5 hours spent reviewing the law and some of the case documents. The Court finds that additional time spent reviewing documents prior to drafting the straightforward motion to remand was not reasonable.

McDonnell further states that he spent an additional 8.3 hours conducting more research,

familiarizing himself with local rules and motion procedures in this Court, and preparing the motion to remand and supporting declarations. *Id*. ¶ 9. In total, McDonnell spent 12.8 hours on the motion to remand and supporting papers. *Id*. The Court finds that the amount of time spent on the motion was excessive and not reasonable. The Court determines that four hours rather than 8.3 hours is a reasonable amount of time to research and draft the five-page remand motion and supporting declarations. Therefore, the Court concludes that the reasonable fees incurred by McDonnell on the initial motion to remand amount to $2,125 for five hours at a $425 rate.

With respect to the reply brief and supporting declaration, McDonnell asserts that he spent an additional 6.5 hours on research and drafting the reply materials. *See* Supp. McDonnell Decl. ¶ 7. Thus, McDonnell requests an additional $2,762.50 in fees for a total of $8,202.50 when added to his fees incurred on the initial motion. Including 6.5 additional hours for the reply is not reasonable given that Defendants stipulated to remand and only opposed the requested fees. The seven-page reply brief and supplemental declaration merely doubled down on Plaintiff's arguments in support of fees—while also requesting fees for drafting such supplemental papers. The Court concludes that it was not reasonable for McDonnell to spend more than one (1) hour on a reply brief in these circumstances, and will award $425 for this work.

Accordingly, the Court finds that the reasonable fees incurred by McDonnell amounts to $2,550 for six hours total at a $425 rate. This includes five hours spent on research and drafting the motion to remand, and one hour for preparing a reply. The fees are summarized as follows:

| McDonnell ($425/hr) | Hours | Fees |
|---|---|---|
| Initial Review of Documents and Research | 1.0 | $425 |
| Further Review of Law and Documents | 0.0 | $0 |
| Research and Draft Motion to Remand | 4.0 | $1,700 |
| Prepare Reply Materials | 1.0 | $425 |
| **Total** | | **$2,550** |

The Court therefore GRANTS IN PART and DENIES IN PART Plaintiff's request for attorneys' fees, and awards an amount of $2,550 to be paid by Defendants, who jointly removed this action.

5

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to remand this action to state court is GRANTED.

(2) Plaintiff's request for attorneys' fees is GRANTED IN PART and DENIED IN PART. The Court awards Plaintiff reasonable attorneys' fees in the amount of $2,550. Defendants shall pay a total of $2,550 to Plaintiff.

(3) The Clerk of the Court shall remand this action to the Santa Clara Superior Court and close the case.

Dated: March 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge